S94A1503. STEPHENS v. THE STATE.
(453 SE2d 443)

HUNSTEIN, Justice.

Tony Wendell Stephens was convicted of malice murder, felony murder, and two counts of aggravated assault in the handgun killing of Frank Isabell and the assault on Torrence Walker. He was sentenced to life in prison for the malice murder of Isabell and 20 years to run consecutively on the aggravated assault on Walker.[1] He

---

[1] The crimes occurred on May 25, 1992. Stephens was indicted on July 17, 1992 in Fulton County. He was found guilty on January 29, 1993 and was sentenced the same day.

appeals from the denial of his motion for a new trial.

1. Torrence Walker identified appellant as the man who approached him and Frank Isabell in a parking lot, pointed a black 9 mm Glock pistol at them and searched their pockets, and then shot Isabell in response to Isabell's comment that "I can't believe I'm getting robbed by a sucker." Isabell died shortly thereafter as a result of a gunshot wound in his left chest. The bullet that inflicted the fatal wound was not recovered, but police found a shell cartridge at the scene, which expert testimony identified as coming from the 9 mm Glock pistol owned by appellant and found at his home. Appellant testified he was at the parking lot with his Glock pistol, but denied assaulting Walker and shooting Isabell, claiming instead that he had fired the pistol at a vacant building to relieve his anger over being beaten in an unrelated fight that other witnesses testified had ended ten to twenty minutes before the crimes in issue.

We find this evidence sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the charged crimes under the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In June 1992 appellant retained counsel who had graduated from law school in May 1992. Although trial counsel had sat second chair in felony criminal trials, appellant's trial in January 1993 represented the first time counsel had served as lead counsel in a felony trial. While we reject appellant's position that lack of experience alone can constitute grounds for an ineffective assistance of counsel claim,[2] this Court has carefully reviewed the record, trial transcript, and transcript of the hearing on appellant's motion for new trial, in which trial counsel's performance was meticulously examined.

In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. See also *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, supra, 466 U. S. at 687. There is a strong presumption that trial counsel's performance "falls within the wide range of reasonable professional assistance," and that any chal-

---

The trial court merged one aggravated assault count and the felony murder count into the malice murder. His motion for new trial was filed on February 17, 1993, and was denied in its amended form on May 10, 1994. A notice of appeal was filed on June 1, 1994, and the appeal was docketed on June 29, 1994. Oral arguments were heard on October 11, 1994.

[2] State Bar Rule 8-104 (D) sets forth the requirements that must be met before a member of the Georgia bar may serve as sole or lead counsel in the trial of a criminal case. There is no intimation that trial counsel in this case did not meet those requirements.

lenged action by trial counsel " 'might be considered sound trial strategy.' " Id. at 689.

Appellant sets forth 16 instances in which he contends his trial counsel's performance was deficient. He complains counsel failed to adequately investigate his case; erroneously withdrew his *Jackson-Denno* motion; failed to object to testimony regarding oral and written statements by appellant and testimony appellant characterizes as comments on appellant's pre- and post-arrest silence; failed to object to evidence; improperly disclosed his trial strategy and was ineffectual in opening and closing remarks; and erred in failing to request or not objecting to charges given by the court.

It is not necessary to address specifically and individually each and every one of these numerous instances of challenged trial tactics. It is sufficient to note that "strategic choices [made] after thorough investigation . . . are virtually unchallengeable." *Strickland*, supra, 466 U. S. at 690. See also *Sullivan v. Fairman*, 819 F2d 1382, 1391 (7th Cir. 1987). The trial court found, and the evidence supports the finding, that trial counsel thoroughly investigated the case and prepared for trial. Appellant has shown nothing that would demonstrate that his trial counsel failed to exercise reasonable professional judgment in his handling of the case. See *Ferrell v. State*, 261 Ga. 115 (3) (401 SE2d 741) (1991).

3. We have reviewed and found without merit appellant's remaining enumerations, in which he asserts on their merits those errors allegedly committed by trial counsel, as well as error in the denial of his motion to suppress, the restricting of his cross-examination of witnesses, and the prosecutor's cross-examination of appellant.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 9, 1995.

*Travis T. Vance III*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General*, for appellee.