S94A1867. CHATMAN v. THE STATE.
(453 SE2d 694)

THOMPSON, Justice.

As a result of the shooting death of Ernest Mack, Samuel Chatman was charged in one indictment with felony murder and the underlying felony of possession of a firearm by a convicted felon. He was charged in a second indictment with malice murder, felony murder and the underlying felony of aggravated assault. He was tried on both

indictments and convicted of all charges.[1] The offenses were merged for sentencing, and life imprisonment was imposed.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Chatman guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Chatman's claim that he was denied effective assistance of trial counsel is procedurally barred. Following conviction, trial counsel filed a timely motion for new trial, which was subsequently denied. Counsel did not pursue an appeal. Several months later, Chatman filed a pro se motion for out-of-time appeal, for a determination of indigency and for appointment of appellate counsel.[2] An out-of-time appeal was granted and new counsel was appointed. Within 30 days of that order, newly appointed appellate counsel filed a notice of appeal; a second motion for new trial was not pursued. The issue of ineffectiveness of trial counsel is raised in this appeal for the first time.

> [A] claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim.

*Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992). The grant of an out-of-time appeal constitutes permission to pursue the post-conviction remedy of a new trial. *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991). Chatman's failure to file a motion for new trial raising the claim of ineffective assistance of trial counsel bars review of that claim.

3. Chatman's remaining enumerations of error have been intentionally abandoned.[3]

*Judgment affirmed. All the Justices concur.*

---

[1] The crimes occurred on March 22, 1992. The indictments were returned on May 29, 1992. Trial began on July 14, 1992. A verdict was received on July 17, 1992, and sentence was imposed on the same day. Chatman's motion for new trial was filed on August 17, 1992, supplemented on October 23, 1992, and denied on August 19, 1993. A motion for out-of-time appeal and for appointment of counsel was filed on May 5, 1994, and was granted on May 25, 1994. A notice of appeal was filed on June 24, 1994. The case was docketed in this Court on August 29, 1994, and was submitted for decision on briefs on October 24, 1994.

[2] Also contained in Chatman's pro se motion for an out-of-time appeal was a request for a new trial.

[3] Chatman abandoned his claims that the trial court erred by (1) failing to advise him "that the right to testify was his choice and not his lawyer's, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions of the Georgia Constitution"; (2) denying his motion for a directed verdict of acquittal; and (3) denying his motion for new trial.

DECIDED FEBRUARY 13, 1995 —
RECONSIDERATION DENIED MARCH 16, 1995.

*Rodney S. Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General,* for appellee.