## A02A0816. KELLY v. THE STATE.
### (567 SE2d 36)

MILLER, Judge.

Kelvin Lanell Kelly was convicted of aggravated battery arising out of evidence (including incriminating statements from a child witness) that he slit a victim's throat. He appeals the denial of his motion for new trial, arguing (1) the evidence was insufficient to sustain the conviction, (2) the court erred in denying his motion to pay expenses for a child interview expert, (3) the court erred in not determining the competency of the child witness, (4) the court erred by denying his request for the court to question a juror who allegedly manifested hostility to Kelly during the trial, and (5) he received ineffective assistance of counsel. We find that the evidence was sufficient; that the court did not abuse its discretion in refusing to provide funds or pay expenses of an expert witness; that the court did not have to determine the child's competency; that the juror challenge was untimely; and that evidence supported a finding that Kelly did not carry his burden of showing ineffective assistance. For all of the above-stated reasons, we affirm.

1. Regarding sufficiency of the evidence, the standard of review is clear:

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnotes omitted.) *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

Here the victim positively identified Kelly as the man who came to the residence where she was visiting, assaulted and coerced her into showing him where certain drugs and money were stashed in the residence, and then dragged her to the backyard where he slit her throat twice and left her for dead. The victim was able to call police and survive, albeit with permanent injuries. Kelly's young daughter, who was in his car during and after the attack, spontaneously told police that on the way home Kelly disposed of a bloody shirt into a trash bin. The evidence sufficed to sustain an aggravated battery conviction. See OCGA § 16-5-24 (a).

2. Believing the child was improperly led into making the incriminating out-of-court statements, Kelly moved the court for funds to hire an expert to evaluate the videotaped police interview of the child. The court denied the motion, which Kelly now cites as error.

Kelly's argument fails for two independent reasons. First, he made no showing that he was indigent and in need of public funds. Indeed, he twice was able to retain counsel to represent him in this case. He submitted no evidence of indigence outside of the bare assertion of his retained counsel that Kelly had no money. The court was authorized to discount the claim of indigence.

Second, the grant or denial of a motion for funds for an expert witness lies within the sound discretion of the trial court. *Davis v. State*, 244 Ga. App. 345, 348 (6) (535 SE2d 528) (2000). For various reasons, we discern no abuse of that discretion here: (i) Kelly's conviction did not rest entirely on the State's expert evidence (id. at 348-349 (6)), and (ii) the subject matter of the anticipated expert testimony concerned the rather routine question of whether a child was led into making certain statements, a subject that does not necessarily require the input of an expert. See *Coalson v. State*, 251 Ga. App. 761, 766-767 (3) (555 SE2d 128) (2001); see generally *Brooks v. State*, 232 Ga. App. 115, 116 (6) (501 SE2d 286) (1998) (expert funds generally granted to rebut unusual scientific evidence of the State).

3. Kelly cites as error the court's denial of his motion to determine the competency of the child witness. Kelly had argued that at the time of trial, the child possibly did not understand the oath or the distinction between truth and falsehood. He had also argued that the child's memory was possibly faulty.

The primary reason these arguments fail on appeal is that the child's testimony at trial in no way harmed or incriminated Kelly; thus, a determination of trial competency would have made no difference. The child did not remember making any incriminating statements to police nor remember any of the events or circumstances of the day in question. Kelly of course had no right to challenge the

child's competency to make the out-of-court statements. *Sosebee v. State*, 190 Ga. App. 746, 749 (3) (380 SE2d 464) (1989).

Moreover, even if the child had testified at trial adversely to Kelly, as a witness to a crime the child was not subject to competency challenges — at least insofar as understanding the nature of the oath and understanding the difference between truth and falsehood are concerned. OCGA § 24-9-5 (b); *Jeffries v. State*, 272 Ga. 510, 513 (6) (530 SE2d 714) (2000); *Norton v. State*, 263 Ga. 448, 449-450 (3) (435 SE2d 30) (1993). Kelly did not argue that the child did not have the use of reason. Compare *Sizemore v. State*, 262 Ga. 214, 217 (416 SE2d 500) (1992). With regard to the child's ability at trial to remember the day in question, this is not a question of competency, and Kelly was free to cross-examine the child on that very point. See *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85) (1991).

4. Kelly contends that the court erred in failing to grant his request to query a juror who allegedly made hostile stares and mouthed hostile words toward defense counsel after being picked for the jury. Since Kelly's request came mid-trial after the State had presented the majority of its witnesses, the court denied the request as untimely.

The trial court did not err. "If known to a party or his counsel, any objections to a juror for cause shall be made before the juror is sworn in the case. After a juror has been found competent, no other or further investigation before triers or otherwise shall be had, [absent newly discovered evidence but before the introduction of the State's evidence]." OCGA § 15-12-167. Moreover, "[f]ailure to apprize the court of the disqualification of a juror, discovered during the trial, as soon as the fact was ascertained by counsel, was held to be a waiver, in *Lampkin v. State*, 87 Ga. 516[, 517, hn. 7 (13 SE 523) (1891)]." *Smith v. State*, 2 Ga. App. 574, 581 (59 SE 311) (1907).

Here Kelly delayed in bringing the matter to the court's attention. The alleged hostility of the juror was manifest immediately after it was announced that she was chosen. Kelly should have raised the matter at that time, before the jury was sworn. OCGA § 15-12-167. After the jury was sworn, Kelly asked for a side-bar, giving no reason for the request. The judge announced that he did not allow side-bars in his courtroom. After opening statements, Kelly reiterated the request for a side-bar, again giving no reason, and predictably the request was again denied. Kelly, who could have moved in open court for further voir dire (see *Rhodes v. State*, 264 Ga. 123, 124-125 (3) (441 SE2d 748) (1994)) or have asked for the jury to be excused for a motion to be heard, did not do so and in fact did not ask for further voir dire of the juror nor otherwise object to the juror's presence until the following day. By this time the State had put on

eight of its ten witnesses. The court correctly held that the request was untimely.

5. Kelly claims that he received ineffective assistance of counsel. To establish this claim, he was required to show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995), citing *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citation and punctuation omitted.) *Stephens*, supra, 265 Ga. at 121-122 (2).

Kelly first points to his counsel's decision not to cross-examine the victim on her inability to pick him out of a pre-trial photo lineup. At the motion for new trial hearing, trial counsel explained that he consciously chose not to do so as a matter of strategy. At the time of the photo lineup, the victim was so mentally incapacitated by her injuries that she appeared unable to make any identification, and trial counsel felt that pressing the point on this sympathetic witness would antagonize the jury. Such a strategic decision on cross-examination provides no basis for finding counsel's performance deficient. See *Dean v. State*, 252 Ga. App. 204, 208 (5) (c) (555 SE2d 868) (2001).

Kelly next points to trial counsel's failure to introduce a scientific report, which concluded that no blood was detected on the clothes Kelly was allegedly wearing that day. However, the record is replete with admissions by State witnesses that no blood was found on Kelly's clothing. Therefore, Kelly failed to show that this prejudiced his defense. As we cannot say that the trial court clearly erred in finding Kelly did not meet his burden (see *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1995)), we must affirm.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 13, 2002 — ■■■■■■■■

*Zipperer & Lorberbaum, Eric R. Gotwalt*, for appellant.
*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.