## S03A0085. SWEET v. THE STATE.
### (580 SE2d 231)

SEARS, Presiding Justice.

Appellant D'Andre Tylon Sweet appeals his convictions for murder and aggravated assault,[1] claiming among other things that the trial court made an erroneous evidentiary ruling and erred in denying his request to file an amended motion for new trial. Having reviewed the record, we conclude that because the trial court granted appellant an out-of-time appeal, it was required to allow him to file an amended new trial motion so that he might raise the issue of trial counsel's alleged ineffectiveness. Finding no merit to appellant's other contentions on appeal, we affirm his convictions and remand this matter so that he may file an amended motion for new trial.

On July 8, 1995, appellant rode with four other individuals in a burgundy Nissan Altima as it traveled up Campbellton Road in Atlanta. Appellant sat in the front passenger seat and was armed

---

[1] The crimes occurred on July 8, 1995. Appellant was indicted on January 2, 1996. Trial was held on December 9-12, 1996, and appellant was found guilty of malice murder, felony murder, aggravated assault and aggravated assault with intent to rob. Appellant was sentenced to life in prison for malice murder and a concurrent ten year sentence for aggravated assault with intent to rob. The aggravated assault count merged into the malice murder count and the felony murder count stood vacated by operation of law. Appellant's trial attorney filed a motion for new trial on January 7, 1997. Counsel then died, and appellant was appointed new counsel in December 1998. Appellant then moved for a change of counsel, which was granted when new counsel was appointed in February 2001. Appellant filed an amended motion for new trial, which was denied in December 2001. Counsel then asked to withdraw from representation. That request was granted, and the Office of the Public Defender was appointed to represent appellant. In February 2002, the Public Defender asked to withdraw from the appeal due to a conflict, and the trial court once again appointed new counsel. Appellant then filed a request for an out-of-time appeal and sought leave to file an amended motion for new trial. On August 12, 2002, the trial court granted appellant an out-of-time appeal and denied filing of the amended motion for new trial. Appellant's notice of appeal was filed on August 19, 2002, the appeal was docketed with this Court on September 19, 2002, and submitted for decision without oral argument.

with a .25 caliber handgun.

At this same time, Carl Scott and his wife were walking along Campbellton Road. The burgundy Nissan drove past them, and appellant told the driver to turn around and stop because he wanted to get some money. Appellant exited the car, approached Scott and attempted to rob him, then shot him in the head, killing him. Witnesses gave police a description of both appellant's clothing and the car in which appellant fled. Less than an hour later, Atlanta police located the car approximately four miles from the crime scene. The murder weapon was discovered beneath appellant's seat. As the car's occupants were being driven to the police station, appellant suggested to his fellow passenger Arbee that they exchange shirts and blame another passenger, Jefferson, for the shooting.

In his defense, appellant claimed he was riding in the backseat of the car with four other individuals, including Arbee and Jefferson. Appellant claimed the group was on its way to pick up a friend when Jefferson suddenly exited the car. Appellant said he heard several gunshots before Jefferson returned and mentioned a robbery. Appellant also claimed that the murder weapon belonged to Jefferson.

1. Construed most favorably to the verdicts, the evidence of record was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. The trial court did not err in excluding from evidence a photograph of Jefferson holding an assault rifle. Appellant sought to introduce the photo along with some letters he claimed Jefferson had sent to him while he was in jail awaiting trial. When considered together, appellant claimed the photo and the letters implicated Jefferson in the crimes and showed that Jefferson was seeking to intimidate appellant. The trial court allowed appellant an opportunity to lay a foundation for the photo's admission and when appellant failed to do so, the photo was excluded.

Generally, the admission of photographic evidence is a matter within the trial court's discretion.[3] A defendant is permitted to introduce evidence tending to show that another person committed the crime, but such evidence must be relevant to the questions being tried by the jury, either directly or indirectly.[4]

In this case, the photograph of Jefferson holding the assault rifle was not relevant to the crimes being tried, as the murder weapon was a .25 caliber handgun found in the car beneath appellant's seat. Moreover, insofar as the photo was intended to show that Jefferson

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Dean v. State*, 273 Ga. 806, 807 (546 SE2d 499) (2001).
[4] *Lance v. State*, 275 Ga. 11, 18-19 (560 SE2d 663) (2002); see OCGA § 24-2-1.

was trying to threaten or intimidate appellant after his arrest, appellant failed to establish the photo's origins or source, and also failed to connect the photo to the threatening letters he claimed he had received while in jail. Accordingly, we conclude the trial court did not abuse its discretion in finding that a proper foundation was not laid for the photo's admission.[5]

3. When appellant's first appellate counsel (also his trial counsel) died shortly after filing a motion for new trial, appellant was appointed new appellate counsel. Thereafter, the trial court granted a change of counsel, and new appellate counsel (appellant's third) amended appellant's new trial motion. After the amended motion was denied, counsel asked to withdraw from representation. The Office of the Public Defender was appointed to represent appellant, but shortly thereafter asked to withdraw due to a conflict. That request was granted and appellant's fifth appellate counsel was appointed. Counsel filed a motion for out-of-time appeal, and at the same time requested leave to file an amended motion for new trial. In the amended motion, appellate counsel sought to raise for the first time the issue of whether appellant's trial counsel had been ineffective. The trial court granted appellant's motion for an out-of-time appeal (leading to this appeal) but denied appellant's request for leave to file an amended motion for new trial.

Our precedent holds that the "grant of an out-of-time appeal constitutes permission to pursue [the] post-conviction [remedy of a] new trial."[6] "[T]he proceeding in which an out-of-time appeal is sought is the proper time to raise the issue of ineffective assistance of counsel" in an amended new trial motion.[7] When an out-of-time appeal is granted and an appellant fails to raise the issue of whether trial counsel was effective by filing a motion for new trial, opting instead to pursue a direct appeal, the issue of counsel's effectiveness is deemed waived by the appellate court.[8]

In this case, then, appellate counsel followed the correct procedure when he sought leave to file an amended motion for new trial in which to raise the issue of whether trial counsel was ineffective. The trial court erred in denying that request. Therefore, we will not address the merits of appellant's claims on appeal concerning the effectiveness of his trial counsel, and we remand this matter to the

---

[5] See OCGA § 24-4-48 (b) (subject to any valid objection, photographs are admissible when trial court determines, based upon competent evidence, that the photo shows reliably the fact or facts for which it is offered); *Phagan v. State*, 268 Ga. 272, 280-281 (486 SE2d 876) (1997) (same); Milich, Georgia Rules of Evidence, § 7.5 (1995) (regarding the requisite authentication of photographic and other documentary evidence sought to be admitted).

[6] *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) (1991).

[7] Id.

[8] *Chatman v. State*, 265 Ga. 177, 178 (453 SE2d 694) (1995).

trial court with instructions for it to grant appellant leave to file an amended motion for new trial so that he might raise his claim concerning counsel's effectiveness.[9]

*Judgment affirmed and case remanded with direction. All the Justices concur.*

DECIDED MAY 5, 2003.

*Lawrence Lewis*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Ruth M. Pawlak*, Assistant Attorney General, for appellee.

---

[9] This ruling renders moot appellant's claim that his first appellate counsel was ineffective for failing to raise the effectiveness of trial counsel in the new trial motion she filed in 1997. See note 1, supra.