## A04A0642. BROOKS v. THE STATE.
### (600 SE2d 737)

PHIPPS, Judge.

Following a bench trial, Stanley Brooks was convicted of three misdemeanor offenses — battery, hindering another person from making a 911 call, and second degree cruelty to children. Brooks claims that the state failed to provide required discovery and that his counsel was ineffective in several respects. We find that the state complied with its discovery obligations and that we are procedurally barred from reviewing Brooks's ineffective assistance claim.

At trial, the state presented evidence that Brooks came home drunk one night and was verbally abusive to his wife. She was at home with their two-year-old child and was scared for their safety. She did not let Brooks in the house. When he began trying to kick the door in, she called 911 and Brooks left. The officer who responded to the 911 call told her to call back if she needed anything. When Brooks returned, his wife barricaded herself and their son in the child's bedroom. Brooks came in through the hole in the door he had created earlier and pushed his way into the bedroom. His wife had called 911 again and when Brooks asked her who was on the telephone, she told him that it was a friend. He grabbed the telephone from her and hung it up, then kicked her, yelled at her and began kicking furniture and throwing things. All of this took place in front of their child. When the same officer responded to the disconnected 911 call, he saw Brooks, who appeared intoxicated, leaving the house while yelling at his wife. The officer saw red marks on Brooks's wife where she claimed Brooks had kicked her. Brooks testified in his defense and called two witnesses — Bonnie Brooks (his mother) and Michelle Brooks (his sister-in-law).

1. Brooks claims that the state failed to provide discovery required by OCGA § 17-16-4. He argues that he should have been provided with police reports, copies of 911 recordings, crime scene photographs, the victim's criminal history, witness statements and repair records for the property he damaged.

The discovery provisions applicable to misdemeanor prosecutions are not the same as those applicable to felony prosecutions.[1] In a misdemeanor case, "[t]he elective, optional mutual discovery provisions of OCGA § 17-16-1 et seq. are not available."[2] The discovery requirements applicable to misdemeanor cases do not require the state to produce any of the items Brooks claims should have been produced.[3] In addition, the record does not show and the state denies that Brooks submitted any discovery requests. Furthermore, Brooks admits that the state provided him with a copy of the accusation, as required by OCGA § 17-16-21, as well as its witness list and a copy of his criminal record. Under the circumstances, we find that the state complied with its discovery obligations in this case.

2. Brooks claims that his trial counsel was ineffective because she failed to object to the state's failure to provide the discovery at issue in Division 1, failed to interview key witnesses and subpoena those witnesses for trial, failed to properly consult with and prepare him for trial, and failed to obtain a certified copy of charges filed against the alleged victim.

Brooks's trial counsel did not file a motion for new trial, but instead elected to proceed with a notice of appeal. On the same day that the notice of appeal was filed, Brooks's trial counsel moved to have the court appoint another attorney for Brooks so that he could proceed with his ineffective assistance claim. When Brooks's appellate counsel failed to file a brief and enumeration of error, the appeal was dismissed. The trial court subsequently granted Brooks's motion for out-of-time appeal, and Brooks's appellate counsel filed this appeal.

An ineffectiveness claim must be raised at the earliest practicable moment, which means that it must be raised before appeal if the opportunity to do so is available.[4]

> [T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time

---

[1] *Brown v. State*, 246 Ga. App. 517, 520 (4) (541 SE2d 112) (2000).

[2] Id.

[3] See OCGA § 17-16-20 et seq.; see also *Brown*, supra at 521 (6) ("Georgia law does not require prosecutors to make their witnesses' statements available for discovery by the defendant in a misdemeanor case.").

[4] *Holland v. State*, 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).

appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.[5]

Brooks's failure to file a motion for new trial raising the claim of ineffective assistance of trial counsel bars our review of that claim.[6]
*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 3, 2004.

*Michael J. Davis, Jr.*, for appellant.
*James R. Osborne, District Attorney*, for appellee.

---

[5] *Ponder v. State*, 260 Ga. 840, 841-842 (1) (400 SE2d 922) (1991).
[6] *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995).