A05A1407. HAYES v. THE STATE.
(623 SE2d 144)

BERNES, Judge.

A Barrow County grand jury returned an indictment charging Jason Hayes with one count of possession of methamphetamine with

---

intent to distribute[1] and one count of possession of methamphetamine.[2] Following a trial by jury, Hayes was convicted of possession of methamphetamine. Hayes appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence to support his conviction. He also contends that the trial court erred by denying his request to introduce exculpatory evidence; by allowing testimony as to the manner in which methamphetamine is manufactured; and by admitting crime lab evidence because the State purportedly failed to prove a proper chain of custody. Finding no error, we affirm.

1. Hayes argues that the evidence was insufficient to support his possession conviction. He asserts that there is no conflict between the trial testimony of the arresting officer and his own denying that he was knowingly in possession of cocaine.

> On appeal of a criminal conviction, we view the evidence in the light most favorable to support the verdict, and the defendant is no longer entitled to a presumption of innocence. We do not weigh the evidence or decide witness credibility, but simply determine whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the crimes charged. Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [S]tate's case, the jury's verdict will be upheld.

(Citation omitted.) *Baker v. State,* 259 Ga. App. 433 (1) (577 SE2d 282) (2003). "The testimony of a single witness is generally sufficient to establish a fact." (Citation omitted.) *Kelly v. State,* 255 Ga. App. 813 (1) (567 SE2d 36) (2002).

Viewed in this light, the evidence showed that on April 20, 2003, Hayes was the passenger in a car driven by Richard McClure. McClure saw a police vehicle approaching him from the rear, accelerated rapidly, made a sharp left turn, and crossed over to the wrong side of the road. A traffic stop followed in which a nervous McClure was asked for his driver's license. McClure fumbled for his wallet and ultimately produced a provisional driver's license issued in South Carolina. Hayes could produce no identification when he was asked for his.

---

[1] OCGA § 16-13-30 (b).
[2] OCGA § 16-13-30 (a).

McClure was placed under arrest after a computer check revealed that he was driving on a suspended license and had an outstanding arrest warrant. Observing increased nervousness in Hayes, the arresting officer had Hayes exit the vehicle and did a pat-down search of his outer clothing before searching the vehicle. As the officer conducted the pat-down search, a baggie wrapped in black electrical tape rolled down Hayes' right pants leg onto the ground. The contents tested positive for methamphetamine. Digital scales, a spoon, and scissors were thereafter found in the vehicle.

Hayes testified that he had not seen the baggie until McClure tossed it to him during the chase, telling Hayes to put it down his pants. Hayes further explained that while he had believed the contents to be "bad," he did not actually know what was in the baggie. However, as the factfinder charged with weighing the evidence and judging witness credibility, the jury was entitled to accord little weight to Hayes' testimony and instead find the testimony of the arresting officer more persuasive. Based on the officer's testimony, the jury could find that Hayes was aware of the methamphetamine and had actual or constructive possession of it, whether alone or with others. Where, as here, drugs are found in the immediate presence of the accused, "[t]he jury [is] authorized to convict if they should find beyond a reasonable doubt that the [accused] had actual or constructive possession either alone or jointly with others." (Citations and footnotes omitted.) *Washington v. State*, 251 Ga. App. 206, 208 (1) (553 SE2d 855) (2001). Accordingly, we find that the evidence presented was sufficient for a rational trier of fact to find Hayes guilty beyond a reasonable doubt of possession of methamphetamine. *Baker*, 259 Ga. App. at 433 (1); *Kelly*, 255 Ga. App. at 813 (1).

2. Hayes contends the trial court erred in excluding evidence showing that McClure, Hayes' co-defendant who was tried separately, was a confidential informant. "A defendant is permitted to introduce evidence tending to show that another person committed the crime, but such evidence must be relevant to the questions being tried by the jury, either directly or indirectly." (Footnote omitted.) *Sweet v. State*, 276 Ga. 545, 546 (2) (580 SE2d 231) (2003). *Johnson v. State*, 246 Ga. App. 239, 243 (5) (539 SE2d 914) (2000) and the other cases relied on by Hayes in his appellate brief are consistent with the general principle of law set forth in *Sweet*. They nonetheless are inapposite in this case because it is undisputed that McClure did not become a confidential informant until two months *after* the April 20 incident in question.

"[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Footnote omitted.) *Garland v. State*, 256 Ga.

App. 313, 316 (4) (568 SE2d 540) (2002). Under the circumstances of this case, we find no abuse of discretion by the trial court in its decision to exclude evidence that McClure had become a confidential informant.

3. Hayes also complains that the trial court erred in allowing the arresting officer to testify as an expert witness on the street-level distribution of narcotics and the making of methamphetamine. Hayes argues that such evidence was irrelevant and prejudicial at trial. We disagree.

In order to prove possession with intent to distribute, it was incumbent upon the State to qualify its expert witness as having knowledge of the contraband at issue. Moreover, "mere possession of contraband without more will not serve as the basis for a conviction for possessing contraband for purposes of sale." (Citation and punctuation omitted.) *Bacon v. State*, 225 Ga. App. 326, 327 (483 SE2d 894) (1997). Showing knowledge of the manner in which methamphetamine is manufactured was not inconsistent with these purposes. Even were this not the case, the expert's testimony was relevant only as to the charge of which Hayes was acquitted, possession of methamphetamine with the intent to distribute. Consequently, error, if any, was harmless. "There is no remedy for error without harm." (Citations and punctuation omitted.) *Hardwick v. State*, 250 Ga. App. 390, 393 (3) (551 SE2d 789) (2001).

4. Finally, Hayes challenges the admission of the crime lab test results, arguing that the State failed to prove a proper chain of custody because the evidence custodian who handled the evidence did not testify. We cannot agree.

> To show a chain of custody adequate to preserve the identity of fungible evidence, the State must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence.

(Citations, punctuation and footnotes omitted.) *Maldonado v. State*, 268 Ga. App. 691-692 (1) (603 SE2d 58) (2004). "The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." *Palmer v. State*, 250 Ga. 219, 222 (3) (297 SE2d 22) (1982). The State presented evidence that the crime lab evidence had been properly handled and not tampered with while in the hands of the police, and that it had arrived in a locked container for analysis at the State Crime Laboratory with no evidence of tampering. See

*Campbell v. State*, 136 Ga. App. 338, 341 (3) (221 SE2d 212) (1975) (chain of custody deemed unbroken in light of sealed nature of container upon arrival for analysis and no evidence of tampering). In light of the foregoing, we conclude that the trial court did not abuse its discretion by determining that a proper foundation had been laid for admitting the crime lab test results.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2005.

*Kathleen J. Anderson*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.