A05A0891. SWAN v. THE STATE.
(625 SE2d 97)

MIKELL, Judge.

Delmer Gene Swan was indicted on charges of possession with intent to distribute methamphetamine and possession of a firearm during the commission of a crime.[1] A Cherokee County jury convicted Swan of the lesser included offense of possession of methamphetamine and acquitted him on the possession of a firearm charge. Swan

---

[38] See *Srisovana,* supra at 601.
[1] Swan's ex-wife, Virginia Louise Swan, was also indicted on these charges, and was convicted on the possession with intent to distribute charge.

was sentenced as a recidivist to 30 years to serve. On appeal, Swan argues that he received ineffective assistance of counsel and that the trial court erred by sentencing him as a recidivist. We affirm but remand the case for resentencing.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict.[2] We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia.*[3] "The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[4] So viewed, the evidence shows that at approximately 8:45 p.m. on March 9, 2000, Swan was at the home of Virginia Swan, his ex-wife and co-defendant, attending his birthday party celebration when the Cherokee Multi-Agency Narcotics Squad executed a search warrant at the residence. An officer from the agency, Jamie Gianfala, testified that he found suspected methamphetamine in the bathtub in the master bedroom and a bag of marijuana on the bedroom floor. He also noticed a silver box that contained drug paraphernalia and a handgun on the bed. Upon further investigation, the silver box contained corner-cut baggies of suspected methamphetamine, a small handgun, and a piece of paper with Virginia Swan's name on it. Another officer found a set of scales in a dresser drawer in the master bedroom.

Gianfala testified that while he searched the bedroom, other agents detained Swan in the living room. Gianfala handcuffed Swan, after which other officers searched him and found suspected methamphetamine and a handgun. One of those officers testified that he located the baggie of suspected methamphetamine in the watch pocket of Swan's blue jeans.

1. For the first time on appeal, Swan argues that his trial counsel was ineffective for two reasons: (1) he failed to introduce evidence that the jeans that Swan was wearing at the time of his arrest did not have a watch pocket; and (2) he failed to object to the trial court's decision to sentence Swan as a recidivist.

> It is a well established rule that any allegation of a violation of the right to counsel should be made at the earliest practicable moment. Our Supreme Court has clearly stated that the rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that that claim be raised *before appeal* if the opportunity to do so is available;

---

[2] *Paul v. State,* 231 Ga. App. 528 (499 SE2d 914) (1998).
[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] (Footnote omitted.) *Christopher v. State,* 262 Ga. App. 257 (585 SE2d 107) (2003).

that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising that issue at a later time.[5]

The trial court entered the judgment and sentence on the jury's verdict on March 27, 2001. Trial counsel filed a motion for an out-of-time appeal on May 9, 2002. New counsel was assigned to represent Swan on June 14, 2002. Swan's motion for an out-of-time appeal was granted on July 31, 2003, and his new appellate counsel filed his notice of appeal on August 25, 2003.

The grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.[6]

Accordingly, Swan's failure to file a motion for new trial asserting the ineffectiveness of his trial counsel bars our review of that claim.[7]

2. Swan contends that the trial court erred when it sentenced him under the recidivist statute because one of the three felony convictions utilized to do so arose out of a first offender sentence. We agree.

The sentence prescribed for the first conviction for possession of methamphetamine is "imprisonment for not less than two years nor more than 15 years"[8] and for subsequent convictions, "not less than five nor more than 30 years."[9] Swan was sentenced to 30 years to serve as a recidivist under OCGA § 17-10-7 (c), which provides, in pertinent part, that "any person who, after having been convicted ...

---

[5] (Citations and punctuation omitted; emphasis supplied.) *Landers v. State*, 236 Ga. App. 368, 370 (3) (511 SE2d 889) (1999).

[6] (Punctuation and footnote omitted.) *Brooks v. State*, 267 Ga. App. 663, 664-665 (2) (600 SE2d 737) (2004). Accord *Sweet v. State*, 276 Ga. 545, 547 (3) (580 SE2d 231) (2003); *Milliken v. State*, 259 Ga. App. 144, 146 (575 SE2d 910) (2003).

[7] *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995); *Milliken*, supra.

[8] OCGA § 16-13-30 (c).

[9] Id.

for three felonies . . . , commits a felony . . . must, upon conviction for such fourth offense . . . serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Swan's recidivist sentence was based on certified copies of three prior felony convictions that the state introduced into evidence at Swan's sentencing hearing. Swan, who had absconded during jury deliberations, was not present at the hearing. The convictions established that Swan pled guilty to violating the Georgia Controlled Substances Act in 1983, being a habitual violator in 1988, and escape in 1993. Defense counsel did not object to the admission of the convictions.

The certified copy of Swan's 1983 conviction indicates, on its face, that Swan was sentenced as a first offender. However, defense counsel, the state, and the trial court overlooked the first offender sentence, and Swan was not present to alert them of it. "A first offender's guilty plea does not constitute a 'conviction' as that term is defined in the Criminal Code of Georgia (OCGA § 16-1-3 (4)) . . . [because] [u]nder the first offender statute [(OCGA § 42-8-60 et seq.)], until an adjudication of guilt is entered, there is no conviction."[10] "Without three prior felony convictions, imposing a recidivist sentence on [Swan] pursuant to OCGA § 17-10-7 (c) is imposing a sentence that the law will not allow, and a challenge to such void sentence cannot be waived by the failure to object."[11]

There is no evidence in the record as to whether Swan successfully completed or violated his first offender probationary sentence. Therefore, this case is remanded to the trial court so that evidence may be introduced to resolve this issue. Should the evidence establish that Swan violated his first offender probationary status and that the trial court subsequently adjudicated him guilty and entered a sentence, the sentence imposed in the instant case is sustained. However, if the evidence establishes that Swan successfully completed his first offender sentence, the sentence imposed in the case sub judice is void, and Swan must be resentenced.[12]

In the latter instance, Swan may still be sentenced as a recidivist, but his sentence shall be governed by OCGA § 17-10-7 (a), rather than OCGA § 17-10-7 (c). Additionally, if it is determined that Swan's 1983 guilty plea would not constitute a conviction, his conviction in the instant case shall be treated as his first conviction under OCGA § 16-13-30. In that case, pursuant to OCGA §§ 16-13-30 (c) and

---

[10] (Citations and punctuation omitted.) *Davis v. State*, 273 Ga. 14, 15 (537 SE2d 663) (2000).

[11] *Headspeth v. State*, 266 Ga. App. 414, 415 (c) (597 SE2d 503) (2004).

[12] See *Melton v. State*, 216 Ga. App. 215, 216 (454 SE2d 545) (1995).

17-10-7 (a), Swan must be sentenced to imprisonment for 15 years, but the trial judge may, in his discretion, probate or suspend the sentence.

*Judgment affirmed. Sentence vacated and case remanded for resentencing with direction. Andrews, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 13, 2005.

*Jennifer E. Hildebrand*, for appellant.

*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.