A09A0185. WASHINGTON v. THE STATE.
(672 SE2d 665)

BLACKBURN, Presiding Judge.

Following a jury trial, Terrance Washington appeals from his conviction of theft by taking,[1] aggravated assault[2] (three counts), hijacking a motor vehicle,[3] and possession of a firearm during a felony against a person.[4] Specifically, Washington contends that the trial court erred by (1) failing to grant a mistrial after a witness interjected allegedly improper character evidence, and (2) refusing to make funds available for an expert witness. Discerning no reversible error, we affirm.

---

[1] OCGA § 16-8-2.
[2] OCGA § 16-5-21 (a) (2).
[3] OCGA § 16-5-44.1 (b).
[4] OCGA § 16-11-106 (b) (1).

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

*Eady v. State.*[5] So viewed, the evidence shows that after an argument with Donza Coley (Washington's former girlfriend and a police officer), Washington spotted her from his car at a convenience store. Washington pulled in, blocking her car, and ordered her to go to her house. Coley feigned agreement and drove away. Washington pursued, pulled alongside her, and cut her off with his car, striking her car. Washington exited his car and approached Coley with a handgun, which turned out to be the service weapon she kept at her house. Washington threatened to shoot Coley and then forcibly pulled her out of her car, beating her with the gun. After Coley refused Washington's orders to get into his car, Washington turned the gun on himself and pled with Coley as she got back into her car.

As Coley drove back into town, Washington pursued at high speed and again steered his car into hers causing them both to crash violently. Coley fled on foot, and Washington fired the weapon at her at least twice, missing her. Coley continued running and eventually flagged down another officer, who took Coley into her car. Meanwhile, a bystander had driven to the crash scene, where Washington took her truck at gunpoint and drove away.

Following his arrest seven months later, Washington was tried and convicted of theft by taking, aggravated assault (three counts), hijacking a motor vehicle, and possession of a firearm during his commission of an aggravated assault. He now appeals.

1. Washington contends that the trial court erred by failing to grant his motion for a mistrial, arguing that a witness's spontaneous reference to Washington's criminal record improperly placed his character in issue. However, because the statement was merely a nonresponsive, passing reference to Washington's record, we discern no reversible error.

"Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." (Punctuation omitted.) *Carr v. State.*[6] Here, the following colloquy took place during the State's direct examination of Coley, regarding Washing-

---

[5] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).
[6] *Carr v. State*, 282 Ga. 698, 701 (3) (653 SE2d 472) (2007).

ton's threats:

> Q: When you say he mentioned what he would do to you, did he make any specific threats?
>
> A: On the phone early — when he dropped his sister off at my residence, because he wanted to talk to me at my residence and I told him I didn't want to discuss it, I was through with it, the relationship was over, it was nothing else, that I had found out some stuff on his — on his record that he had did —

At that point, Washington objected, and, after the jury had been removed and instructed to disregard Coley's comment, he moved for a mistrial on the ground that the testimony improperly placed Washington's character in issue, in violation of the trial court's earlier ruling on his motion in limine and in violation of the State's instruction to the witness. The trial court denied the motion, noting that the jury had been instructed to disregard Coley's statement.

The trial court's failure to grant a mistrial was not an abuse of its discretion. The witness's mention of Washington's "record" was a spontaneous comment and not responsive to the State's question, which was unrelated to Washington's character. "A nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue." *Hansley v. State*.[7] Moreover, "[a] passing reference to a defendant's [criminal] record does not place his character in evidence." (Punctuation omitted.) *Isaac v. State*.[8] Therefore, in light of the instruction to disregard, the trial court did not abuse its discretion in denying the motion. See *Dukes v. State*.[9]

2. Washington also contends that the trial court erred by refusing to grant his request for funds to hire an accident reconstruction expert witness. We disagree.

Having unsuccessfully filed a generic pretrial motion for funds to hire a criminal investigator, Washington renewed his motion at trial and requested the trial court to provide funds for an accident reconstruction expert, on the theory that Washington did not intentionally cause the collision that was the basis for one aggravated assault charge.[10] The trial court denied the request, and Washington unsuccessfully moved for a mistrial based on that ruling.

---

[7] *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).

[8] *Isaac v. State*, 269 Ga. 875, 877-878 (5) (505 SE2d 480) (1998).

[9] *Dukes v. State*, 273 Ga. 890, 892 (3) (b) (548 SE2d 328) (2001).

[10] The three aggravated assault charges were based on Washington colliding his car with Coley's, beating Coley with the handgun, shooting the gun at Coley, and assaulting the carjacking victim with the gun.

A motion on behalf of an indigent criminal defendant for funds with which to obtain the services of a scientific expert should disclose to the trial court, with a reasonable degree of precision, why certain evidence is critical, what type of scientific testimony is needed, what that expert proposes to do regarding the evidence, and the anticipated costs for services. The decision whether to grant or deny an indigent criminal defendant's motion for the appointment of an expert rests within the trial court's sound discretion, and the trial court's decision will be upheld in the absence of an abuse of discretion.

(Citation omitted.) *Lance v. State*.[11]

Here, Washington's pretrial motion was a generically phrased request for funds to hire a criminal investigator. The motion did not mention accident reconstruction and

made no effort to demonstrate to the trial court what type of expert was needed, nor the qualifications of this expert, nor what tests the expert would perform, nor why the evidence to be examined was critical. Nor did the motion identify any evidence or scientific test that would be subject to varying opinion.

(Emphasis omitted.) *Roseboro v. State*.[12] For this reason, the trial court did not abuse its discretion in failing to grant the initial request for funding. See id.

At trial, Washington unsuccessfully renewed his request for funds for an expert witness and proffered his theory that an expert accident reconstruction witness would provide evidence that the automobile collision between Washington and Coley was not the result of an intentional act on the part of Washington. However, even assuming this renewed request was timely, we note that Washington was able to cross-examine and challenge the State's two eyewitnesses who stated that Washington intentionally caused the collision, and the State's evidence of Washington's guilt did not involve any expert accident reconstruction testimony or scientific evidence concerning the collision site. Under these circumstances, we discern no abuse of the trial court's discretion in failing to provide mid-trial funding for an accident reconstruction expert as to the aggravated

---

[11] *Lance v. State*, 275 Ga. 11, 14 (2) (560 SE2d 663) (2002).
[12] *Roseboro v. State*, 258 Ga. 39, 40 (3) (c) (365 SE2d 115) (1988).

assault by vehicle charge. See *Kelly v. State*[13] (no abuse of discretion where conviction not dependent solely on State's expert testimony, and routine subject matter did not necessarily require the input of an expert); *Davis v. State*[14] (no expert funds required where conviction not based on expert opinion testimony and no explanation of exculpatory evidence was needed); *Brooks v. State*[15] (no abuse of discretion where scientific evidence was not the only basis for finding of guilt; and noting the Supreme Court's limits on the scope of an indigent defendant's right to state funded expert witnesses: "the ruling of this case cannot serve as a basis for wide-ranging demands on behalf of indigent defendants for scientific investigative funds") (punctuation omitted). Therefore, as Washington has not identified any reversible error, we affirm.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JANUARY 16, 2009.

*Robert E. Perrine, Jr.*, for appellant.
*Cecilia M. Cooper, District Attorney*, for appellee.

[13] *Kelly v. State*, 255 Ga. App. 813, 814 (2) (567 SE2d 36) (2002).
[14] *Davis v. State*, 244 Ga. App. 345, 349 (6) (535 SE2d 528) (2000).
[15] *Brooks v. State*, 232 Ga. App. 115, 116 (6) (501 SE2d 286) (1998).
[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).