## S05A0298. McKENZIE v. THE STATE.
### (626 SE2d 77)

BENHAM, Justice.

After the trial court denied demurrers challenging the constitutionality of the statute appellant Anthony McKenzie was alleged to have violated, appellant stipulated to the evidence and was convicted in a bench trial of twice violating OCGA § 46-5-21 (a) (1) as a result of two phone calls he made in June/July 2003. Each of the counts of the accusation on which McKenzie was tried alleged he "did make a phone call . . . with conversations containing obscene, lewd, lascivious, filth[y], and indecent comments, requests, suggestions and/or proposals. . . ." OCGA § 46-5-21 (a) (1) makes such conduct a misdemeanor. Before this Court, appellant repeats his assertion that OCGA § 46-5-21 (a) (1) impermissibly infringes upon the right to free speech protected by the First Amendment to the United States Constitution. We agree the statute is an overbroad infringement on the right to free speech; accordingly, we reverse the judgment of conviction.[1]

---

[24] *Arras*, 255 Ga. at 12 (quoting *Hornsby v. Allen*, 326 F2d 605, 612 (5th Cir. 1964)).
[1] The trial court denied appellant's demurrer based on this Court's decision in *Constantino*

Freedom of speech is one of the fundamental personal rights and liberties protected from governmental intrusion by the First and Fourteenth Amendments to the U. S. Constitution (*Cunningham v. State*, 260 Ga. 827 (400 SE2d 916) (1991)) and the Bill of Rights contained in Georgia's Constitution. 1983 Ga. Const., Art. I, Sec. I, Par. V. While speech enjoys constitutional protection, it is not fully removed from government regulation. A "content-neutral" statute or ordinance, i.e., one that is " ' "justified without reference to the content of the regulated speech," [cit.]' . . . may limit speech if [the law]: (1) furthers an important governmental interest; (2) is unrelated to the suppression of speech; and (3) its incidental restriction of speech is no greater than essential to further the important governmental interest. [Cits.]" *Chambers v. Peach County*, 266 Ga. 318, 319 (1) (467 SE2d 519) (1996). There also can be governmental regulation of speech based on content: a "content-based" regulation of speech, i.e., one in which "the government interest is related to the content of the expression," (*City of Erie v. Pap's A.M.*, 529 U. S. 277, 289 (120 SC 1382, 146 LE2d 265) (2000); *I.D.K., Inc. v. Ferdinand*, 277 Ga. 548 (1) (592 SE2d 673) (2004)), is constitutionally acceptable "to promote a compelling interest if [the government] chooses the least restrictive means to further the articulated interest." *Sable Communications &c. v. FCC*, 492 U. S. 115, 126 (109 SC 2829, 106 LE2d 93) (1989).[2]

OCGA § 46-5-21 (a) (1) imposes a ban on indecent, lewd, lascivious, and filthy,[3] as well as obscene, telephonic communication made by private individuals or commercial entities regardless of the speaker's intent. Compare OCGA § 46-5-21 (a) (2)-(4), which make certain conduct illegal when done with a specified intent. As demonstrated by the case at bar, the statute subjects the speaker to criminal prosecution and punishment for such speech, making "a careful examination" of the statute "critical." *Cunningham v. State*, supra, 260 Ga. at 831. Inasmuch as the protection of the First Amendment does not extend to obscene speech (*Sable Communications v. FCC*, supra, 492 U. S. at 124), there is no constitutional barrier to a statutory ban on using the

---

*v. State*, 243 Ga. 595 (255 SE2d 710) (1979), where this Court upheld what is now OCGA § 46-5-21 (a) (2) against the contention that it violated the Fourteenth Amendment's guarantee of due process because it was unconstitutionally vague and overbroad. That decision is not controlling in this First Amendment challenge to subsection (a) (1) of OCGA § 46-5-21.·

[2] "Obscene" speech, "fighting words," "clear and present danger" speech, defaming and libelous speech "can, consistent with the First Amendment, be regulated because of their constitutionally proscribable content. . . ." *R.A.V. v. City of St. Paul, Minn.*, 505 U. S. 377, 381, 383 (112 SC 2538, 2543, 120 LE2d 305) (1992).

[3] In *Cunningham v. State*, supra, 260 Ga. at 833, we observed that "lewd is much broader than obscene . . . mean[ing], among other things, vulgar, base, evil, wicked, poor, worthless, dissolute, lascivious, obscene, and salacious." "Lascivious" is defined in Webster's New International Dictionary (2nd ed.) as "wanton, lewd, lustful," and "filthy" is defined as "defiled with filth, whether material or moral; nasty, disgustingly dirty, foul, impure, obscene."

telephone to make an obscene communication. Id. However, " 'expression which is indecent but not obscene is protected by the First Amendment.' [Cits.] '(Where obscenity is not involved, we have consistently held that the fact that protected speech may be offensive to some does not justify its suppression.)' [Cit.]" *Reno v. ACLU*, 521 U. S. 844, 874-875 (117 SC 2329, 138 LE2d 874) (1997). Accordingly, we must examine whether the statutory restraint on protected speech imposed by OCGA § 46-5-21 (a) (1) meets constitutional standards.

OCGA § 46-5-21 (a) (1) is a "content-based" regulation of speech since a telephone user is subject to prosecution if the content of the user's expression is found to be "obscene, lewd, lascivious, filthy, or indecent. . . ." See also *Sable Communications v. FCC*, supra, 492 U. S. at 126 (measuring similar federal statute against "content-based" standard), and *Reno v. ACLU*, supra, 521 U. S. at 871 (federal statute prohibiting the initiation of transmission via a telecommunications device of an obscene or indecent message to a recipient under 18 years of age is a "content-based" regulation). " 'Content-based regulations are presumptively invalid,' [cit.], and the Government bears the burden to rebut that presumption." *United States v. Playboy Entertainment Group*, 529 U. S. 803, 817 (120 SC 1878, 146 LE2d 865) (2000). In order for a content-based regulation to withstand First Amendment scrutiny, it must promote a compelling state interest and must be the least restrictive means to further the articulated interest. *Cunningham v. State*, supra, 260 Ga. at 831.

Pretermitting recognition of and discussion of the compelling state interest involved herein,[4] it is clear the statute "lacks the precision that the First Amendment requires when a statute regulates the content of speech." *Reno v. ACLU*, 521 U. S. at 874. It does not contain the necessary language setting out the least restrictive means to further a compelling state interest. Instead of applying only to obscene speech, it applies to speech that is merely indecent. Instead of making illegal such speech only when directed at minors, it makes such speech illegal when heard by adults. Instead of applying only to speech not welcomed by the listener and spoken with intent to harass, it applies to speech welcomed by the listener and spoken with intent to please or amuse. Because the statute is an overbroad infringement on the First Amendment's guarantee of

---

[4] The State suggests the legislative intent could have been to protect minors from exposure to such conversation, to protect those of any age who do not wish to receive phone calls with this content, or to prohibit the use of a government-owned telephone to engage in such telephone calls. We make no holding today whether any of the suggested state interests constitutes the "compelling state interest" necessary for a content-based statute to survive a constitutional attack based on the First Amendment.

freedom of speech, appellant's convictions for violating the unconstitutional statute must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*McFarland & Associates, Robert P. McFarland, Jr.*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Inez Grant, Carlton T. Hayes, Assistant Solicitors-General*, for appellee.
*Sutherland, Asbill & Brennan, Elizabeth V. Tanis, Sidney L. Moore III, Drew D. Dropkin*, amici curiae.