**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 28, 2021**

# In the Court of Appeals of Georgia

A21A0084. COLLINS v. THE STATE.                    DO-003 C

DOYLE, Presiding Judge.

Following a jury trial, Timothy Collins was convicted of failure to maintain his lane,[1] driving without a license,[2] and four counts of serious injury by vehicle.[3] Collins appeals the subsequent denial of his motion for new trial, arguing that (1) the trial court erred by dismissing a juror during the course of the trial; (2) the trial court erred

---

[1] OCGA § 40-6-48 (1).

[2] OCGA § 40-5-20 (a).

[3] OCGA § 40-6-391 (a) (5) (providing that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended").

by sentencing him to serve 15 years in confinement; and (3) trial counsel was ineffective during the plea-bargaining process. For the reasons that follow, we affirm.

Viewed in favor of the verdict,[4] the record shows that at approximately 7:48 p.m. on May 6, 2017, Collins, who was driving a truck on a two-lane road in Clarke County, crossed the center line of the roadway into oncoming traffic. S. B., who was driving in the opposite direction with his wife and children, swerved into the left lane in an attempt to avoid a collision with Collins, but Collins turned into S. B.'s vehicle, striking it head-on and causing both vehicles to land in a ditch. S. B. had contusions and an arm injury in the collison; his wife was pinned by the dashboard and sustained serious injuries requiring hospitalization and two surgeries; and his five-year-old daughter had a concussion, lost teeth, and a fractured wrist and pelvis.

When Athens-Clarke County Police Officer R. C. responded to the scene, he smelled an odor of alcohol emanating from Collins, who had slow, slurred speech and glassy eyes. Collins told the officer he had "more [beers] than he ought to" and later clarified that it was "around four or five beers." Collins apologized to the other people at the scene for causing the accident, and he told the officer that his tire went

---

[4] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

flat and caused him to swerve; investigation revealed that all four of Collins's tires were intact. Police found multiple beer cans throughout the ditch, an open beer can on the driver side floorboard of Collins's vehicle and two more empty beer cans on the passenger floor board. Collins was unable to complete the field sobriety test, and he was transported to the hospital from the scene. A blood serum toxicology test was performed on Collins's blood drawn at 9:08 p.m., and it showed an ethanol level of 359 mg/dl, which is the equivalent of a whole blood alcohol concentration of .299. Pursuant to a search warrant, the hospital drew Collins's blood again at 12:23 a.m., and testing indicated a blood alcohol level of .24.

Collins was charged with failure to maintain his lane, driving without a license, and four counts of serious injury by vehicle. The jury found him guilty on all charges, and he was sentenced to 30 years, to serve 15 in confinement.[5] Collins filed a motion for new trial, which the trial court denied following a hearing, and this appeal followed.

1. Collins contends that the trial court erred by excusing a juror during the trial. We disagree.

---

[5] Two of the counts of serious injury by vehicle merged into other counts.

During the State's case-in-chief, juror K. G. sent a note to the trial court stating: "Need to discuss possible bias." The court called K. G. into the courtroom, where she advised that the previous day, as she left the courthouse, she passed by Officer R. C., who had already testified, who was standing with another officer, who was possibly going to testify.[6] According to K. G., Officer R. C. was not speaking, but if the other officer testified, K. G. "would be biased." When the trial court asked K. G. what she heard, she responded:

> As I walked by, the other officer was saying, "These charges are ridiculous. I'm not coming back tomorrow unless she makes me." I don't know whether or not it's regarding this case. If it is, and he's being called as a State's witness, then he's undermining the State's case, and I'm highly biased.[7]

The State then moved to have K. G. removed from the case "out of an abundance of caution and fairness to [Collins]"; Collins objected to her removal. The

---

[6] K. G. explained that another juror mentioned that the previous day he/she saw Officer R. C. speaking with who he/she believed to be the other officer from a video that had been shown during the trial. After K. G. returned to the jury room, the prosecutor advised the trial court that he did not intend to call any additional police witnesses.

[7] The juror had not discussed what she overheard with the other members of the jury.

4

trial court removed the juror, explaining: "I think [the statement K. G. overheard] . . . had enough of an influence that she thought it was important enough to bring it to the [c]ourt's attention. . . . I think it was inadvertent, but she overheard a communication, and that is relevant to this case in her mind." The court then replaced K. G. with an alternate.

"Under OCGA § 15-12-172, the trial court has discretion to discharge a juror and replace . . . her with an alternate at any time, and we will not reverse as long as the court's exercise of discretion has a sound legal basis."[8] "The defendant in a criminal proceeding has no vested interest in the service of any particular juror, but is entitled only to a legal and impartial jury."[9]

Here, Collins does not contend that the alternate juror who replaced K. G. was biased or otherwise unqualified to serve. And in light of the statement K. G. overheard from an officer, which statement she believed was related to the instant case, K. G.'s "discharge . . . had a sound basis in that it served the legally relevant

---

[8] *Darden v. State*, 212 Ga. App. 345, 347 (4) (441 SE2d 816) (1994). See also *Ware v. State*, 305 Ga. 457, 462 (3) (826 SE2d 56) (2019) (holding that when a trial court inquires into a situation involving a sitting juror, "the court has broad discretion to determine whether it is appropriate to remove a juror").

[9] *Reynolds v. State*, 271 Ga. 174, 175 (2) (517 SE2d 51) (1999).

purpose of preserving public respect for the integrity of the judicial process."[10]

Therefore, "it cannot be said that the trial court abused its discretion in removing [K. G] from the jury."[11]

2. Collins argues that the trial court erred by sentencing him to serve 15 years in confinement. We find no reversible error.

On appeal, Collins argues that because he enrolled in an accountability court and voluntarily participated in a rehabilitation program, he did not merit a maximum sentence. Collins did not, however, make this argument to the trial court in his initial or amended motions for new trial, and therefore, he has waived it.[12] We further note that Collins's sentence falls within the statutory range of punishment.[13]

---

[10] (Punctuation omitted.) *Miller v. State*, 261 Ga. 679, 680 (6) (410 SE2d 101) (1991), quoting *Beam v. State*, 260 Ga. 784, 786 (2) (400 SE2d 327) (1991), overruled on other grounds by *Willis v. State*, 304 Ga. 686, 706 (11) (a) (820 SE2d 640) (2018).

[11] *State v. Arnold*, 280 Ga. 487, 490 (629 SE2d 807) (2006).

[12] See *Barber v. State*, 350 Ga. App. 309, 314-315 (3) (827 SE2d 733) (2019).

[13] The maximum sentence for serious injury by vehicle is 15 years. See OCGA § 40-6-394 (b). Here, Collins was sentenced for two counts of serious injury by vehicle, with 15 years of confinement and 15 years of probation to be served consecutively. At sentencing, the State tendered Collins's seven separate prior convictions for driving under the influence.

3. Collins also alleges that trial counsel was ineffective during plea negotiations. This enumeration presents no basis for reversal.

To prevail on this claim, Collins

must satisfy the familiar standard of *Strickland v. Washington*,[14] which requires [him] to show both that his trial counsel's performance was constitutionally deficient and that he was prejudiced by this deficient performance. Because a defendant must satisfy both *Strickland* prongs, we need not conduct the *Strickland* inquiry in any particular order or even address both components of the test if [Collins] makes an insufficient showing on one.[15]

Here, because Collins

claims that trial counsel's deficient advice led to the rejection of a plea offer, [Collins] must show three things to establish prejudice: (1) that but for the ineffective advice of counsel, there is a reasonable probability that the plea offer would have been presented to the court, meaning that [Collins] would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances; (2) that the trial court would have accepted the terms of the negotiated plea; and (3) that the conviction or sentence, or both, under the offer's terms

---

[14] 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[15] (Citations and punctuation omitted.) *Dresbach v. State*, 308 Ga. 423, 425 (2) (841 SE2d 714) (2020).

would have been less severe than under the judgment and sentence that in fact were imposed.[16]

"And, we apply the clearly erroneous standard when reviewing a trial court's decision regarding whether to draw an inference that the defendant would have accepted the State's plea offer based on disputed or unclear evidence."[17]

Prior to trial, the State's plea offer was fifteen years, to serve five, and trial counsel communicated the offer to Collins. At the motion for new trial hearing, Collins testified that trial counsel failed to inform him of the maximum sentence for serious injury by vehicle. Trial counsel, however, testified that he "routinely print[s] the statutes . . . and hand[s] it to [his] clients," and he is "pretty sure he did that" in this case.

Pretermitting whether counsel was deficient, however, the trial court did not err by determining that Collins failed to demonstrate prejudice. Although Collins testified at the motion for new trial hearing that he would have accepted the State's offer, he also testified that he and trial counsel believed they could win at trial. And

---

[16] (Citation and punctuation omitted.) Id. at 425-426 (2), quoting *Yarn v. State*, 305 Ga. 421, 426 (4) (826 SE2d 1) (2019).

[17] *McNeely v. State*, 356 Ga. App. 335, 340 (847 SE2d 16) (2020), citing *Cleveland v. State*, 285 Ga. 142, 146-147 (674 SE2d 289) (2009).

Collins acknowledged that he wanted a probation only deal and did not know if he would have accepted a deal that included prison time. When asked if it was correct that he "just did not want any prison time in order to take the plea deal," Collins responded, "No. Nobody wants no prison time if they can get out of it, sure."

Trial counsel testified at the hearing that he and Collins both believed that Collins did not cause the collision, and they were optimistic about a not guilty verdict because they had obtained a favorable outcome in a probation revocation hearing on the same issue. According to trial counsel, Collins never expressed a desire to withdraw his not guilty plea, and "he wanted to get probation . . . . and stay[] in the family court. . . ." Trial counsel further stated that Collins "would not have taken five years[,] . . . [a]nd I don't think he deserved five years because I didn't think it was due. . . . I do not believe he caused that crash. And we had a bad jury." Collins's attorney in the Family Treatment Court testified at the new trial hearing that he spoke with Collins and attempted to negotiate a favorable plea deal, but that Collins never expressed a desire to accept the State's offer.

Following the conclusion of the hearing, the trial court entered its order denying the motion for new trial, specifically rejecting Collins' ineffective assistance of counsel claim, stating that: "The record indicates that [Collins] believed he had a

9

good chance of winning at trial. [Collins] wanted probation. Given the lack of objective evidence beyond [Collins's] self-serving testimony, he has failed to demonstrate that he was prejudiced by any deficiency in counsel's performance."

Given the testimony of trial counsel that Collins believed he could prevail at trial and did not want to serve any jail time, coupled with Collins's equivocal testimony, "the trial court was entitled to find that [Collins] failed to show that a reasonable likelihood exists that he would have accepted the State's plea offer, but for his trial counsel's [alleged] failure to [inform him of the maximum penalty for his charges]."[18] Accordingly, the trial court did not err by denying Collins's motion for new trial on this basis.

*Judgment affirmed. Reese and Brown, JJ., concur.*

---

[18] *McNeely*, 356 Ga. App. at 340. See *Dresbach*, 308 Ga. at 426-428 (2).

10